UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

MARCO VERCH,                          §
                                      §
        Plaintiff,                    §
                                      §      Civil Action No. 4:26-cv-02462
v.                                    §
                                      §
WHM EYE ASSOCIATES, P.A. D/B/A        §
MARR-KIRKLAND EYE CENTER,             §
                                      §
        Defendant.                    §

## DEFENDANT'S ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant WHM Eye Associates, P.A. d/b/a Marr-Kirkland Eye Center ("Defendant") files this Original Answer to Plaintiff's Original Complaint [Doc. 1] as follows:

## SUMMARY OF THE ACTION

1.      Defendant contends that this is a legal conclusion and does not require an admission or denial. Based thereon, Defendant denies the allegations set forth in Paragraph 1 of Plaintiff's Complaint.

2.      Defendant is without knowledge as to the allegations in Paragraph 2 of Plaintiff's Complaint, and on that basis denies same.

3.      Defendant admits the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.      Defendant denies the allegations contained in Paragraph 4 of Plaintiff's Complaint.

## JURISDICTION AND VENUE

5.      Defendant contends that this is a legal conclusion and does not require an admission or denial. Based thereon, Defendant denies the allegations set forth in Paragraph 5 of Plaintiff's Complaint.

6.      Defendant contends that this is a legal conclusion and does not require an admission or denial. Based thereon, Defendant denies the allegations set forth in Paragraph 6 of Plaintiff's Complaint.

1

7.      Defendant contends that this is a legal conclusion and does not require an admission or denial. Based thereon, Defendant denies the allegations set forth in Paragraph 7 of Plaintiff's Complaint.

8.      Defendant contends that this is a legal conclusion and does not require an admission or denial. Based thereon, Defendant denies the allegations set forth in Paragraph 8 of Plaintiff's Complaint.

## DEFENDANT

9.      Defendant admits the allegations contained within Paragraph 9 of Plaintiff's Complaint.

## THE COPYRIGHTED WORK AT ISSUE

10.     Defendant is without knowledge as to the allegations contained in Paragraph 10 of Plaintiff's Complaint, and on that basis denies same.

11.     Defendant is without knowledge as to the allegations contained in Paragraph 11 of Plaintiff's Complaint, and on that basis denies same.

12.     Defendant is without knowledge as to the allegations contained in Paragraph 12 of Plaintiff's Complaint, and on that basis denies same.

## INFRINGEMENT BY MARR-KIRKLAND EYE CENTER

13.     Defendant contends that this is a legal conclusion and does not require an admission or denial. Based thereon, Defendant denies the allegations set forth in Paragraph 13 of Plaintiff's Complaint.

14.     Defendant is without knowledge as to the allegations contained in Paragraph 14 of Plaintiff's Complaint, and on that basis denies same.

15.     Defendant admits a Christmas image was displayed on its Facebook page, but Defendant denies the rest of the allegations set forth in Paragraph 15 of Plaintiff's Complaint as it is without knowledge since the image on its Facebook page was deleted.

16.     Defendant contends that this is a legal conclusion and does not require an admission or denial. Based thereon, Defendant denies the allegations set forth in Paragraph 16 of Plaintiff's Complaint.

17.     Defendant denies the allegations set forth in Paragraph 17 of Plaintiff's Complaint.

18.     Defendant denies the allegations set forth in Paragraph 18 of Plaintiff's Complaint.

19.     Defendant contends that this is a legal conclusion and does not require an admission or denial. Based thereon, Defendant denies the allegations set forth in Paragraph 19 of Plaintiff's Complaint.

20.     Defendant contends that this is a legal conclusion and does not require an admission or denial. Based thereon, Defendant denies the allegations set forth in Paragraph 19 of Plaintiff's Complaint.

21.     Defendant admits an alleged agent for Plaintiff wrote to Defendant, demanding that Defendant cease using the photograph and compensate Plaintiff, but denies the remainder of the allegations contained in Paragraph 21 of Plaintiff's Complaint.

## COUNT 1
## COPYRIGHT INFRINGEMENT

22.     Defendant incorporates and restates herein its above responses to Paragraphs 1-22 of Plaintiff's Complaint.

23.     Defendant denies the allegations set forth in Paragraph 23 of Plaintiff's Complaint.

24.     Defendant denies the allegations set forth in Paragraph 24 of Plaintiff's Complaint.

25.     Defendant denies the allegations set forth in Paragraph 25 of Plaintiff's Complaint.

26.     Defendant denies the allegations set forth in Paragraph 26 of Plaintiff's Complaint.

27.     Defendant denies the allegations set forth in Paragraph 27 of Plaintiff's Complaint.

28.     Defendant denies the allegations set forth in Paragraph 28 of Plaintiff's Complaint.

29.     Defendant denies the allegations set forth in Paragraph 29 of Plaintiff's Complaint.

[-].     Defendant contends that this is a legal conclusion and does not require an admission or denial. Based thereon, Defendant denies the allegations set forth in the unnumbered paragraph starting with "WHEREFORE, the Plaintiff MARCO VERCH prays for judgment [...]" and its and subparagraphs a. through e.

## JURY DEMAND

30.    Defendant admits that Plaintiff has demanded a jury trial on all issues.

## AFFIRMATIVE DEFENSES BY DEFENDANT

Defendant may rely upon the following affirmative defenses, subject to amendment based upon discovery.

1.    Defendant has not committed any act of copyright infringement under the Copyright Act or otherwise.

2.    Defendant has not committed any act of copyright infringement under the Digital Millenium Copyright Act or otherwise.

3.    Defendant has failed to state a claim upon which relief can be granted.

4.    Plaintiff's claims against Defendant are barred in whole or in part by the doctrines of unclean hands, waiver, laches, estoppel, and acquiescence.

5.    Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

6.    Plaintiff's recovery, if any, is limited to damages incurred within three years prior to filing suit.

7.    At all times relevant to Plaintiff's claims, any alleged use by Defendant was minimal, incidental, and not actionable.

8.    At all times relevant to Plaintiff's claims, Defendant did not derive any profits attributable to any alleged use.

9.    Plaintiff failed to mitigate alleged damages.

10.    At all times relevant to Plaintiff's claims, Defendant's conduct was innocent, in good faith, and lacked any wrongful intent.

4

11.    Defendant reserves all affirmative defenses under Rule 8 (c) of the Federal Rules of Civil Procedure, and any other defenses at law or in equity that ay now exist or in the future exist based on discovery and further factual investigation of this case.

## CONCLUSION AND PRAYER

Defendant prays that Plaintiff takes nothing by way of the Complaint, and that this Court grant Defendant its fees, costs, and expenses, as allowed by law, and such other and further relief, whether at law or equity, to which Defendant may be justly entitled.

RESPECTFULLY SUBMITTED,

BRUCHEZ & GOSS, P.C.
3740 Copperfield Drive, Suite 101
Bryan, Texas 77802
(979) 268-4343
(979) 268-5323 FAX

By:    /s/Jana L. Beddingfield
        JANA L. BEDDINGFIELD
        State Bar No. 24053096
        Fed. ID: 3464832
        jbeddingfield@bruchez.com
        JAY B. GOSS
        State Bar No. 08222600
        Fed. ID: 68776
        jgoss@bruchez.com

## CERTIFICATE OF SERVICE

I hereby certify that on Wednesday, April 29, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to counsel(s) of record.

/s/Jana L. Beddingfield
JANA L. BEDDINGFIELD

5